Hisham FRANCIS, Plaintiff—Appellee,

v.

EQUILON ENTERPRISES, LLC., a Delaware limited liability company, Defendant—Appellant.

No. 01–55079.

D.C. No. CV–99–01196–WFN.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002.*

Decided Sept. 19, 2002.

Before PREGERSON, RYMER and NELSON, Circuit Judges.

MEMORANDUM **

On this return appeal, Equilon Enterprises, LLC (Equilon) appeals the district

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

court's judgment and award of damages in this diversity case, and challenges the district court's decision to allow the addition of Francis & Sons Enterprises, Inc. (FSEI) as a party plaintiff. For the following reasons, we affirm.

### I. Addition of FSEI as a party plaintiff.

Once evidence was presented showing that Francis relied on Equilon's promises when he decided to purchase the car wash, that he decided to purchase the property in FSEI's name, that he was the sole shareholder of FSEI, and that he provided all the purchase money, the district court was well within its discretion[1] to allow an amendment to conform to the evidence pursuant to Federal Rule of Civil Procedure 15(b).

■ Equilon's arguments for prejudice are unpersuasive. Equilon knew of the claims against it with respect to the car wash property and had ample opportunity to conduct discovery and to prepare a defense against them. Thus, this case differs materially from *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000), in which a defendant, not a plaintiff, was added *after judgment,* giving him no opportunity to conduct discovery or defend against claims against him.[2]

We note that Equilon nowhere alleges that it did not learn during discovery that the car wash property was purchased under FSEI's name. And, indeed, it appears that it did. The proper procedure when a defendant believes that a cause of action is not being prosecuted by the real party in interest is to object under Federal Rule of Civil Procedure 17(a). This allows for the clarification of complaints for all the parties involved. Had Equilon followed this procedure, this matter would have been far simpler for all involved.

### II. Evidentiary support for FSEI's judgment.

■ In light of the particular circumstances of this case, as well as the broad discretion California law affords courts acting in equity,[3] we conclude that the district court was within its discretion[4] when it awarded damages to FSEI. As a Subchapter S corporation, FSEI was less independent of its shareholders than other corporations are.[5] Moreover, in this case, Francis was the sole shareholder, making

---

1. Review of a district court's decision to allow amendment in order to conform to the evidence, pursuant to Federal Rule of Civil Procedure 15(b), is for abuse of discretion. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1512–13 (9th Cir.1986).

2. *Id.* at 462–63, 465.

3. *See California v. Custom Craft Carpets, Inc.*, 159 Cal.App.3d 676, 684, 206 Cal.Rptr. 12 (1984) (describing as follows the broad discretion afforded courts when they are acting in equity: "Equity does not wait on precedent which exactly squares with the facts in controversy, but will adjust itself to those situations where right and justice would be defeated but for its intervention.") (internal quotations marks and citation omitted).

4. *See McLean v. Runyon*, 222 F.3d 1150, 1155 (9th Cir.2000) (holding that a district court's award of damages is reviewed for abuse of discretion). In addition, the district court's findings of fact are reviewed for clear error. *Koirala v. Thai Airways, Int'l, Ltd.*, 126 F.3d 1205, 1213 (9th Cir.1997).

5. *Cf. Valentino v. Franchise Tax Bd.*, 87 Cal. App.4th 1284, 1288–89, 105 Cal.Rptr.2d 304 (2001) (outlining the differences between Subchapter C corporations, which are taxed "upon their income as separate entities" and whose shareholders are taxed for distributions, and Subchapter S corporations, whose shareholders are taxed "on their pro rata share of the corporation's income, regardless of whether it makes any distributions").

the difference between a loss to the corporation and a loss to Francis, or a promise to the corporation and a promise to Francis, so small as to be virtually indistinguishable.[6] Thus, precluding recovery merely because Francis elected to act through a recently-created S corporation of which he was the sole shareholder and for which he produced all the funds, instead of in his own name, would be to ignore the reality of this situation.

### III. Computation of damages.

We reject Equilon's first argument regarding the computation of damages. The idea that a sophisticated corporation would not discount its purchase price for the risk inherent in purchasing a gas station without inspection, seems odd. And the idea that Equilon did not do so in this case, even though it knew only months before that the station likely had environmental problems, strains credulity. Accordingly, the district court did not err when it declined to subtract the sum Equilon spent to fix the environmental problems from Equilon's purchase price.

As for Equilon's second argument, the transcript shows that the district court considered whether to offset Francis's damages in light of the loan to Buenos Aires from Texaco that would have accompanied his purchase. Although the district court briefly confused the penalty with the loan, the remainder of its discussion clearly involved the loan. And the discussion shows that the court declined to offset Francis's damages based on the loan because it lacked evidence regarding whether the grant money Equilon had promised accounted for the Texaco loan or not.

Equilon points to no evidence missed by the district court on which the offset should have been based, and we agree that the evidence before the district court was insufficient. Given that Equilon bore the burden of proving offsets to damages,[7] the district court did not err.

For the foregoing reasons, we AFFIRM.

AFFIRMED.

---

6. Indeed, both the district court, in its discussion, and Equilon itself, in its trial brief, referred to FSEI and Francis interchangeably with respect to the purchase of the car wash property.

7. *See Morris v. Frudenfeld,* 135 Cal.App.3d 23, 32–33, 185 Cal.Rptr. 76 (1982).